

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

JAN 30 2009

CLERK, U.S. DISTRICT COURT
By _____
        Deputy

| | |
|---|---|
| LAUREL BREWSTER | § |
|     Plaintiff | § |
| | § |
| v. | §   NO. _____ |
| | § |
| HILLSTONE RESTAURANT GROUP, | § **3 - 09 CV 0 1 9 8 - P** |
| INC., Individually and d/b/a | § |
| HOUSTON'S AND HOUSTON'S | § |
| RESTAURANT | § |
|     Defendant | § |

## PETITION FOR FEDERAL REMOVAL

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW,** Hillstone Restaurant Group, Inc., Individually and d/b/a Houston's and Houston's Restaurant, Defendant in the above-entitled cause, and hereby files this Petition for Removal of the above-entitled cause seeking removal of said case from the 193rd Judicial District Court of Dallas County, Texas, pursuant to the provisions of 28 U.S.C. §1441, and for grounds for removal would show unto the Court as follows:

1.     Petitioner is the sole named Defendant, and no other party needs to join in this removal.  As set forth in more detail at Paragraph 6 below, complete diversity exists between all parties.

2.      On or about December 17, 2008, Plaintiff filed an action in the above-named state court entitled *Laurel Brewster, Plaintiff v. Hillstone Restaurant Group, Inc., Individually and d/b/a Houston's and Houston's Restaurant, Defendant.*

3.    The above-entitled action was filed in the 193rd Judicial District Court of Dallas County, Texas, and is now pending in that court.  The Defendant was served with Citation and a copy of Plaintiff's Original Petition on January 7, 2009.  Pursuant to 28 U.S.C. §1446(a) and Local Rule 81.1, attached hereto as **Exhibits A(1-4)** are the following: **(A)** an index of all documents filed in the state court and the date of filing, including **(A1)** Plaintiff's Original Petition; **(A2)** Citation Issued December 22, 2008; **(A3)** Fax Cover Page establishing service of Plaintiff's Original Petition to Defendant on January 7, 2009; and **(A4)** Register of Actions for Case No. 08-15789.  Additionally, attached as **Exhibit B** is a separately signed Certificate of Interested Persons.

4.    This Petition for Removal is timely made under 28 U.S.C.§1446(b) because it is filed within 30 days after Defendant was first served on January 7, 2009, and Defendant now honorably submits itself to the jurisdiction of this court.

5.    Pursuant to 28 U.S.C. §1446(d), a copy of this petition has been filed contemporaneously herewith in the 193rd Judicial District Court of Dallas County, Texas.

6.    The claims asserted against Defendant are civil actions of which this Court has original jurisdiction pursuant to 28 U.S.C. §1332.  Upon reasonable belief, and based on Plaintiff's Original Petition, Plaintiff was, at the time of the filing of the original petition in the state court action, and still is at the time of filing this petition for removal, a citizen of the state of Texas and resides in Dallas, Texas.  See **Exhibit A(1)**, *Plaintiff's Original Petition, Page 1.*

Defendant was, at the time of the filing of Plaintiff's Original Petition in the state court, and remains at the time of the filing of this removal petition, a resident and citizen

---

**PETITION FOR REMOVAL**
*K:\Brewster v. Hillstone\Pleadings\Petition for Removal to Federal Court3.wpd*

of the states of Delaware and Arizona because it is a corporation incorporated under the laws of the state of Delaware with its principal place of business located in Arizona. Accordingly, there exists complete diversity of citizenship between Plaintiff and Defendant.

7.    The matter in controversy, exclusive of interest and costs, exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00).  Plaintiff has sued Defendant for personal injuries based on claims of premises liability.  See **Exhibit A(1)**, *Plaintiff's Original Petition, Pages 3-4.*  More specifically, Plaintiff alleges in her petition that while she was a customer of Defendant on Defendant's premises, she fell on January 15, 2007 as a result of standing ice not visible to patrons proximately causing certain bodily injuries.  **Exhibit A(1)**, *Pages 2-3.*  Plaintiff specifically alleges that she was caused to suffer chondromalacia of the left patellofemoral joint, chondroplasty of the left medial femoral condyle and synovitis in superior, anterior, and medial compartments.  **Exhibit A(1)**, *Page 4.*

8.    As a result of her alleged injuries, Plaintiff is seeking the following categories of damages:

a.    Past and future reasonable and necessary medical expenses;

b.    Past and future mental anguish;

c.    Past and future physical pain and suffering; and

d.    Past and future lost wages and/or lost earning capacity.

See **Exhibit A(1)**, *Plaintiff's Original Petition, Pages 4-5.*   The nature of Plaintiff's alleged injuries, and the multiple categories of damages sought by Plaintiff, support the conclusion that if Plaintiff ultimately prevails on all of her claims at trial, Plaintiff's damages exceed $75,000.00 at the time of removal.

9.   In addition to the claims asserted in the state court petitions, parties attempting to invoke federal jurisdiction may rely on affidavits in proving the amount in controversy for federal subject matter jurisdiction. *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). Attached to this removal petition as **Exhibit C** is an affidavit of the Senior Claim Representative for Defendant's claim administrator, Linda L. Setzer, and attached as **Exhibit D** is an affidavit of Defendant Hillstone Restaurant Group, Inc., Individually and d/b/a Houston's and Houston's Restaurant's attorney of record, Joseph A. Barbknecht, with said affidavits setting forth the following facts pertaining to the amount in controversy:

Prior to filing suit in Texas, Plaintiff's New York Counsel presented Defendant with a settlement demand on behalf of Laurel Brewster seeking to resolve Ms. Brewster's claims against Houston's Restaurant for an amount exceeding the jurisdictional limit of $75,000.00. See **Exhibit C**, ¶ 4. Moreover, Plaintiff's medical records and billing records indicate total amounts in excess of $17,000.00 for treatment of injuries allegedly related to the January 15, 2007 incident in question. See **Exhibit C**, ¶ 5; **Exhibit D**, ¶ 5.

10.   Plaintiff's Original Petition alleges four distinct categories of damages, seeking past and future damages for each category. See **Exhibit A(1)**, *Pages 4-5*. Moreover, half of the damages sought by Plaintiff are unliquidated damages including pain and suffering and mental anguish, which are difficult to quantify, and for which a jury has discretion to freely award damages as it sees fit in accordance with the evidence presented. See **Exhibit D**, ¶ 5. If Plaintiff prevails on all of her claims, it is likely the jury will base their award of these unliquidated damages from the amount of Plaintiff's medical expenses, now exceeding $17,000.00. Given the multiple categories of damages sought by Plaintiff, if

Plaintiff ultimately prevails on all of her past and future claims the amount in controversy exceeds $75,000.00 at the time of the requested removal.  See **Exhibit D**, ¶ 6.

**WHEREFORE, PREMISES CONSIDERED**, Defendant Hillstone Restaurant Group, Inc., Individually and d/b/a Houston's and Houston's Restaurant, respectfully prays that this action be removed from the 193rd Judicial District Court of Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division, and that Defendant be allowed to respond further to Plaintiff's allegations within the time allotted by law, and for all other and further appropriate relief.

Respectfully submitted,

Joseph A. Barbknecht
State Bar No. 01718400
Chris R. Norris
State Bar No. 24032913

THE BARBKNECHT FIRM, P.C.
Atrium at Collin Ridge
500 N. Central Expressway, Ste. 325
Plano, Texas 75074
(972) 312-1510 Telephone
(972) 312-1511 Facsimile
**ATTORNEYS FOR DEFENDANT**

PETITION FOR REMOVAL
K:\Brewster v. Hillstone\Pleadings\Petition for Removal to Federal Court3.wpd

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument was served upon all attorneys of record in the above-captioned cause pursuant to the Federal Rules of Civil Procedure on the 29th day of January, 2009.

John J. Diggins
Law Offices of John J. Diggins, P.C.
7920 Belt Line Road, Suite 760
Dallas, Texas 75254
ATTORNEY FOR PLAINTIFF

HAND DELIVERY     X
FACSIMILE
CERTIFIED MAIL
REGULAR MAIL

Joseph A. Barbknecht
Chris R. Norris

**PETITION FOR REMOVAL**
K:\Brewster v. Hillstone\Pleadings\Petition for Removal to Federal Court3.wpd



A

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LAUREL BREWSTER | § | |
| Plaintiff | § | |
| | § | |
| | § | NO. _____ |
| v. | § | |
| | § | |
| HILLSTONE RESTAURANT GROUP, | § | |
| INC., Individually and d/b/a | § | |
| HOUSTON'S AND HOUSTON'S | § | |
| RESTAURANT | § | |
| Defendant | § | |

## INDEX OF DOCUMENTS FILED IN STATE COURT

Pursuant to LR 81.1(a)(3)(A) the following is an index of all documents filed in the state-court case styled, Laurel Brewster v. Hillstone Restaurant Group, Inc., Individually and d/b/a Houston's and Houston's Restaurant, Case No. DC-08-15789-L in the 193rd District Court, Dallas County, Texas:

1. Plaintiff's Original Petition and Jury Demand (Filed 12/17/2008)

2. Citation Issued (12/22/2008)

3. Register of Actions for Case No. DC-08-15789-L



Filed
00 December 17 A10:11
Gary Fitzsimmons
District Clerk
Dallas District

NO. _08-15789_

| | | |
|---|---|---|
| **LAUREL BREWSTER**<br>Plaintiff | § | IN THE DISTRICT COURT |
| | § | |
| | § | **L-193rd** |
| | § | |
| VS. | § | _____ JUDICIAL DISTRICT |
| | § | |
| | § | |
| **HILLSTONE RESTAURANT GROUP, INC.,** | § | |
| Individually and d/b/a **HOUSTON'S AND** | § | |
| **HOUSTON'S RESTAURANT** | § | |
| Defendant | § | OF DALLAS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

### TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Laurel Brewster, hereinafter called Plaintiff, complaining of and about Hillstone Restaurant Group, Inc., Individually and d/b/a Houston's and Houston's Restaurant, hereinafter jointly called Defendant, and for cause of action would show unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1.      Plaintiff intends that discovery be conducted under Discovery Level 2.

### PARTIES AND SERVICE

2.      Plaintiff, Laurel Brewster, is an Individual whose resides is in the City and County of Dallas, Texas.

3.      The last three digits of the driver's license number of Laurel Brewster are 962. The last three digits of the social security number for Laurel Brewster are 726.

4.      Defendant Hillstone Restaurant Group, Inc., a nonresident corporation, may be served pursuant to sections 5.201 and 5.255 of the Texas Business Organizations Code by serving the registered agent of the corporation, CT Corporation System, at 350 N. St. Paul Street, Dallas, TX 75201, its registered office. Service of said Defendant as described above can be effected by personal delivery.

Page 1

## JURISDICTION AND VENUE

5.      The subject matter in controversy is within the jurisdictional limits of this court.

6.      This court has jurisdiction over Defendant Hillstone Restaurant Group, Inc., because said Defendant purposefully availed itself of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Hillstone Restaurant Group, Inc. will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

7.      Plaintiff would show that Defendant Hillstone Restaurant Group, Inc. had continuous and systematic contacts with the state of Texas sufficient to establish general jurisdiction over said Defendant.

8.      Furthermore, Plaintiff would show that Defendant Hillstone Restaurant Group, Inc. engaged in activities constituting business in the state of Texas as provided by Section 17.042 of the Texas Civil Practice and Remedies Code, in that said Defendant committed a tort in whole or in part in Texas.

9.      Venue in Dallas County is proper in this cause.

## FACTS

10.     At all times material hereto, Defendant Hillstone Restaurant Group, Inc. was the owner of the premises or had control of the premises located at 5318 Belt Line Rd., City of Addison, Dallas County, TX and operating a business at said location known as "Houston's" or "Houston's Restaurant".

11.     Laurel Brewster entered upon said premises for the purpose of dining with a friend. She entered on the said property of Defendant at the invitation of Defendant to engage in the act of dining with a friend.  Laurel Brewster was an invitee of Defendant.

12.     During the time that Laurel Brewster entered upon Defendant's property, Laurel Brewster was seriously injured as a result of a dangerous condition in that existed on the premises

of Defendant, to wit: standing ice not visible to patrons.

13.    Laurel Brewster's bodily injuries occurred as a direct result of a fall that was proximately caused by the dangerous condition described above, which Defendant knew or, in the exercise of ordinary care, should have known existed.

## LIABILITY OF DEFENDANT HILLSTONE RESTAURANT GROUP, INC.

14.    At all times mentioned herein, Defendant Hillstone Restaurant Group, Inc. was the owner or operator of the property in question, located at 7920 Belt Line Rd., City of Addison, Dallas County, TX and was operating a business at said location known as "Houston's" or "Houston's Restaurant".

15.    At all times mentioned herein, Defendant Hillstone Restaurant Group, Inc. had such control over the premises in question that Defendant Hillstone Restaurant Group, Inc. owed certain duties to Plaintiff, the breach of which proximately caused the injuries set forth herein.

16.    Defendant Hillstone Restaurant Group, Inc., Defendant's agents, servants, and employees negligently permitted the walkways and or floor to become and to remain covered with ice for several two days, negligently or willfully allowed such condition to continue and negligently or willfully failed to warn Plaintiff of this condition. This condition existed despite the fact that Defendant Hillstone Restaurant Group, Inc. or Defendant's agents knew or should have known of the existence of the aforementioned condition and that there was likelihood of a person being injured as occurred to Plaintiff.

17.    Furthermore, Plaintiff would show the court that the condition of the floor had continued for such period that, had Defendant Hillstone Restaurant Group, Inc. or Defendant's agents exercised ordinary care in the maintenance of the floor surface area, it would have been noticed and corrected by such persons.

18.    At all times pertinent herein, Defendant Hillstone Restaurant Group, Inc., and any of Defendant's agents, who were acting in the scope of their employment, were guilty of negligent conduct toward the Plaintiff in:

Page 3

PLAINTIFF'S ORIGINAL PETITION
*THE LAW OFFICES OF JOHN J. DIGGINS, P.C.*
7920 Belt Line Road, Suite 760, Dallas, Texas 75254
(972) 392-3942

A. Failing to properly inspect and maintain the area in question to discover the dangerous condition;

B. Failing to maintain the premises in a reasonably safe condition;

C. Failing to give adequate and understandable warnings to Plaintiff of the unsafe condition of the premises area;

D. Failing to give warnings to Plaintiff of the unsafe condition; and

E. Failing to discover and remove the icy from the premises within a reasonable time.

## PROXIMATE CAUSE

19.    Each and every, all and singular of the foregoing acts and omissions, on the part of Defendant, taken separately and/or collectively, constitute a direct and proximate cause of the injuries and damages set forth below.

## DAMAGES FOR PLAINTIFF, LAUREL BREWSTER

20.    As a direct and proximate result of the occurrence made the basis of this lawsuit, and Defendant's acts as described herein, Plaintiff, Laurel Brewster was caused to suffer chondromalacia of the left patellofemoral joint, chondroplasty of the left medial femoral condyle and synovitis in superior, anterior, and medial compartments, and to endure anxiety, pain, and illness resulting in damages more fully set forth below.

21.    As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Laurel Brewster has incurred the following damages:

A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, Laurel Brewster for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Dallas County, Texas;

B. Reasonable and necessary medical care and expenses which will, in all reasonable probability, be incurred in the future;

C. Physical pain and suffering in the past;

D. Mental anguish in the past;

E. Physical pain and suffering in the future;

PLAINTIFF'S ORIGINAL PETITION
*THE LAW OFFICES OF JOHN J. DIGGINS, P.C.*
7920 Belt Line Road, Suite 760, Dallas, Texas 75254
(972) 392-3942

F.   Mental anguish in the future;

G.   Loss of earnings in the past; and

H.   Loss of earning capacity which will, in all probability, be incurred in the future.

22.   By reason of the above, Plaintiff, Laurel Brewster has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Laurel Brewster, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

JOHN J. DIGGINS, P.C.

JOHN J. DIGGINS    Bar No. 05859600
7920 Belt Line Road, Suite 760
Dallas, Texas 75254
Telephone:   972-392-3942
Telecopier:   972-934-1777

**ATTORNEY FOR PLAINTIFF
LAUREL BREWSTER**

## PLAINTIFF HEREBY DEMANDS TRIAL BY JURY

2



FORM NO. 353-3 - CITATION

# THE STATE OF TEXAS

To:
HILLSTONE RESTAURANT GROUP INC
SERVE REGISTERED AGENT CT CORPORATION SYSTEM
350 N ST PAUL STREET
DALLAS TX 75201

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with  the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty  days after you were served this citation and           petition, a default judgment may be taken against you.    Your answer should be addressed to the clerk of the 193rd District Court at 600 Commerce Street, Dallas, Texas 75202.
Said Plaintiff being LAUREL BREWSTER

Filed in said Court  on this the 17th day of December, 2008 against

HILLSTONE RESTAURANT GROUP INC INDIVIDUALLY AND DBA HOUSTONS AND HOUSTONS RESTAURANT

For suit, said suit being numbered DC-08-15789  the nature of which demand is as follows:
Suit On OTHER PERSONAL INJURY etc. as shown on said petition          , a copy of which accompanies this citation.    If this citation is not served,  it  shall be returned unexecuted.
WITNESS: GARY FITZSIMMONS, Clerk of the District Courts of Dallas, County Texas.
Given under my name and the Seal of said Court at office on this  22nd day of December, 2008

ATTEST: GARY FITZSIMMONS
Clerk of the District Courts of Dallas, County, Texas

By_____, Deputy
                                    Shelia Bradley

---

ATTY

# CITATION

No.: DC-08-15789

LAUREL BREWSTER
vs.
HILLSTONE RESTAURANT GROUP INC

ISSUED
the 22nd day of December, 2008

GARY FITZSIMMONS
Clerk District Courts,
Dallas County, Texas

By Shelia Bradley, Deputy

Attorney for Plaintiff
JOHN J DIGGINS
7920 BELT LINE RD SUITE 760
DALLAS TX 75254
(972) 392-3942

## OFFICER'S RETURN

Came to hand on the _____ day of _____, at _____ o'clock _____ .M. Executed

at _____, within the County of _____, at _____ o'clock

_____ .M. on the _____ day of _____, 20 _____, by delivering to the within

named _____

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.

The distance actually traveled by me in serving such process was _____ miles and my fees are as follows: To certify which witness my hand.

For serving Citation    $ _____        of _____, County, _____

For mileage             $ _____        By _____

For Notary              $ _____                                    Deputy

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____

before me this _____ day of _____, 20 _____

to certify which witness my hand and seal of office.

_____

Notary Public _____ County



3

## JOHN J. DIGGINS, P.C.
Attorney and Counselor at Law
7920 Belt Line Road, Suite 760
Dallas, Texas 75254
Telephone 972/392-3942

www.jdigginslaw.com

jdiggins@jdigginslaw.com

FAX: 972/934-1777

JOHN J. DIGGINS
Fellow: College State Bar of Texas

### CONFIDENTIALITY NOTE

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS LEGALLY PRIVILEGED AND CONFIDENTIAL INFORMATION WHICH IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY USE, DISSEMINATION, DISTRIBUTION OR REPRODUCTION OF THIS MESSAGE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS MESSAGE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ADDRESS LISTED ABOVE VIA THE U. S. POSTAL SERVICE. THANK YOU.

TO:      Chris R. Norris

FAX NO.: 972-312-1511

FROM:    John J. Diggins
         Fax Number: 972/934-1777

RE:      Laurel Brewster vs. Hillstone Restaurant Group

DATE:    January 7, 2009

Total Number of Pages Including Cover Page:          8      Pages

### COMMENTS

Mr. Norris:

Please contact me upon receipt of this Plaintiff's Original Petition & Citation, to confirm you are accepting service on behalf of Hillstone Restaurant Group.

Should you have any other questions or comments, please feel free to contact our office.

John J. Diggins

Regarding any error in transmission, please call: 972/392-3942

Y:\DATA\HASTINGS\WP51\DIGGINS\PI\Brewster, Laurel\Norris fax.wpd



4

Location : All District Civil Courts   Help

# REGISTER OF ACTIONS
## CASE NO. DC-08-15789

**LAUREL BREWSTER vs. HILLSTONE RESTAURANT GROUP INC** §
§
§
§
§
§

Case Type: **OTHER PERSONAL INJURY**
Subtype: **PREMISES**
Date Filed: **12/17/2008**
Location: **193rd District Court**

---

### PARTY INFORMATION

**Lead Attorneys**

**DEFENDANT** **HILLSTONE RESTAURANT GROUP INC**

**PLAINTIFF** **BREWSTER, LAUREL**

DIGGINS, JOHN J

*Retained*

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**
| | |
|---|---|
| 12/17/2008 | **ORIGINAL PETITION (OCA)** |
| 12/17/2008 | **ISSUE CITATION** |
| 12/17/2008 | **JURY DEMAND (OCA)** |
| | Vol./Book J25, Page 110, 1 pages |
| 12/22/2008 | **CITATION** |
| | HILLSTONE RESTAURANT GROUP INC     unserved |
| 04/17/2009 | **DISMISSAL FOR WANT OF PROSECUTION**  (1:30 PM) (Judicial Officer GINSBERG, CARL) |

---

### FINANCIAL INFORMATION

| | | | |
|---|---|---|---|
| | **PLAINTIFF BREWSTER, LAUREL** | | |
| | Total Financial Assessment | | 267.00 |
| | Total Payments and Credits | | 267.00 |
| | **Balance Due as of 01/28/2009** | | **0.00** |
| 12/18/2008 | Transaction Assessment | | 222.00 |
| 12/17/2008 | Transaction Assessment | | 45.00 |
| 12/23/2008 | PAYMENT (CASE FEES) | Receipt # 82278-2008-DCLK     JOHN J DIGGINS | (267.00) |

B



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**FILED**

JAN 3 0 2009

CLERK, U.S. DISTRICT COURT
By _____
Deputy

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LAUREL BREWSTER | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | NO. _____ |
| | § | |
| HILLSTONE RESTAURANT GROUP, | § | **3-09CV0198-P** |
| INC. d/b/a HOUSTON'S | § | |
| RESTAURANT | § | |
|     Defendant | § | |

**CERTIFICATE OF INTERESTED PERSONS**

Pursuant to Fed. R. Civ. P. 7.1 and LR 3.1(f), LR 7.4, LR 81.1(a)(3)(D), and LR 81.2, Defendant Hillstone Restaurant Group, Inc. d/b/a Houston's Restaurant provides the following information:

Defendant Hillstone Restaurant Group, Inc. d/b/a Houston's Restaurant has no parent corporation, and there is not a publicly held corporation that owns 10% or more of its stock.

The following is a complete list of all persons, associations of persons, firms, partnerships, corporations, guarantors, insurers, affiliates, parent or subsidiary corporations, or other legal entities that are financially interested in the outcome of the case:

1.     **Laurel Brewster**
    **c/o John J. Diggins**
    **John J. Diggins, P.C.**
    **7920 Belt Line Road, Suite 760**
    **Dallas, Texas 75254**
    **(972) 392-3942**
    **Plaintiff**