UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LAUREL BREWSTER<br>          Plaintiff | §<br>§<br>§ | |
| v. | §<br>§ | NO. _____ |
| HILLSTONE RESTAURANT GROUP,<br>INC., Individually and d/b/a HOUSTON'S<br>AND HOUSTON'S<br>RESTAURANT<br>          Defendant | §<br>§<br>§<br>§<br>§<br>§ | |

### AFFIDAVIT OF LINDA L. SETZER

BEFORE ME, the undersigned authority, personally appeared LINDA L. SETZER, who being duly sworn upon her oath, deposed and swore as follows:

1. "My name is Linda L. Setzer. I am of sound mind, over the age of eighteen, legally competent and capable of making this affidavit. All of the information contained in this affidavit is true and correct and based upon my personal knowledge.

2. I am employed by Gallagher Bassett Services, Inc. as a Senior Claims Representative. Gallagher Bassett Services, Inc. is the third party administrator handling the general liability insurance program for Defendant Houston's Restaurant, and I have been employed by Gallagher Bassett Services, Inc. for three years.

3. As a Senior Claims Representative, I am the adjuster assigned to handle Laurel Brewster's claim against Houston's Restaurant for the incident occurring January 15, 2007 at the Houston's restaurant located at 5318 Belt Line Rd., Addison, Texas. As the adjuster assigned to handle that particular claim, I am personally involved in, and familiar with, all aspects of Ms. Brewster's claim against Houston's Restaurant, including all communications between Gallagher Bassett Services, Inc. and Ms. Brewster and her representatives. In such capacity, I have personal knowledge of the facts stated herein, and such facts are both true and correct.

4. On November 20, 2008, I personally spoke with Ms. Brewster's attorney,

_____                                         _____
AFFIDAVIT OF LINDA L. SETZER                                                      PAGE 1
K:\Brewster v. Hillstone\Affidavits\Linda Setzer - Removal.wpd

Sidney P. Cominsky, who presented a settlement demand on behalf of Ms. Brewster to Gallagher Bassett Services, Inc., seeking to resolve Ms. Brewster's claims against Houston's for an amount exceeding the jurisdictional limit of $75,000.00.

5. Gallagher Bassett Services, Inc. obtained a medical authorization form from Plaintiff Brewster allowing Gallagher Bassett Services, Inc. to obtain Ms. Brewster's medical records and billing records for treatment allegedly resulting from the January 15, 2007 incident in question. Gallagher Bassett Services, Inc. then utilized Ms. Brewster's medical authorization form to obtain Ms. Brewster's medical records and billing records for treatment allegedly resulting from the January 15, 2007 incident in question, and I have personally reviewed those medical records and billing records. Ms. Brewster's billing records indicate total amounts in excess of $17,000.00 for treatment allegedly related to the January 15, 2007 incident in question.

Further, Affiant sayeth naught."

_____
Linda L. Setzer

SUBSCRIBED AND SWORN TO BEFORE ME, on the 29th day of January, 2009, to certify which witness my hand and official seal.

_____
NOTARY PUBLIC



TYSHA PETTYJOHN
Notary Public - Arizona
Maricopa County
My Comm. Expires Sep 30, 2011



D

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LAUREL BREWSTER<br>Plaintiff | §<br>§<br>§ | |
| v. | §<br>§ | NO. _____ |
| HILLSTONE RESTAURANT GROUP,<br>INC., Individually and d/b/a HOUSTON'S<br>AND HOUSTON'S<br>RESTAURANT<br>Defendant | §<br>§<br>§<br>§<br>§ | |

### AFFIDAVIT OF JOSEPH A. BARBKNECHT

BEFORE ME, the undersigned notary public, personally appeared JOSEPH A. BARBKNECHT, who being by me duly sworn upon his oath, deposed and swore as follows:

1. "My name is Joseph A. Barbknecht. I am of sound mind, over the age of eighteen and capable of making this affidavit. All of the information contained in this affidavit is true and correct and based upon my personal knowledge.

2. I am licensed by the Supreme Court of Texas to practice law in this state. I have engaged in the practice of law for over 24 years in both federal and state courts throughout the State of Texas. I am the attorney of record for Hillstone Restaurant Group, Inc., Individually and d/b/a Houston's and Houston's Restaurant in the above-entitled and numbered cause, and make this affidavit in my capacity as counsel for Defendant Hillstone Restaurant Group, Inc., Individually and d/b/a Houston's and Houston's Restaurant. As attorney of record, I am familiar with all aspects of Ms. Brewster's claims and lawsuit against Houston's Restaurant, including all communications between Gallagher Bassett Services, Inc. and Ms. Brewster, between Gallagher Bassett Services, Inc. and Ms. Brewster's legal representatives, and between my office and Ms. Brewster's legal representatives. In such capacity, I have personal knowledge of the facts stated herein, and such facts are both true and correct.

3. In my 24 years of practicing law in this State, I have practiced in federal and state court throughout the State of Texas, including the United States District Courts for the Northern District of Texas, Dallas Division. Throughout that time, I have answered and defended hundreds of lawsuits involving personal injury claims against my clients. My representation in defending clients against those personal injury lawsuits included evaluating the cases to make good faith estimates as to the potential value of the plaintiff's claims.

4. I have personally reviewed all information and records provided to our office by Linda Setzer related to the medical treatment Ms. Brewster received for the injuries she allegedly suffered while on the premises of Houston's Restaurant located at 5318 Belt Line Rd., Addison, Texas. I have further reviewed Defendant's Petition for Removal and all exhibits attached thereto, including the affidavit of Linda Setzer.

5. Plaintiff's Original Petition alleges four distinct categories of damages, seeking past and future damages for each category. Plaintiff's medical billing records indicate total amounts in excess of $17,000.00 for treatment allegedly related to the January 15, 2007 incident in question. Moreover, half of the categories of damages sought by Plaintiff are unliquidated damages such as pain and suffering and mental anguish. Such categories of damages are difficult to quantify, and are the type for which a jury has discretion to freely award damages as it sees fit according to the evidence presented.

6. Based upon my practice and experience both in state and federal courts throughout the State of Texas, including in and around Dallas County, Texas, and considering the information I have reviewed related to Ms. Brewster's claims and lawsuit against Houston's Restaurant, and the nature and extent of Plaintiff Brewster's alleged injuries, including the information set forth specifically in Linda Setzer's affidavit attached to Defendant's Petition for Removal as Exhibit C, it is my good faith belief that the amount in controversy exceeds $75,000.00 at the time of the requested removal.

Further, Affiant sayeth naught."

_Joseph A. Barbknecht_

SUBSCRIBED AND SWORN TO BEFORE ME, on the 29th day of January, 2009, to certify which witness my hand and official seal.

Y. SKOBLIONOK
Notary Public, State of Texas
My Commission Expires
April 29, 2011

NOTARY PUBLIC

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Laurel Brewster

**DEFENDANTS**
Hillstone Restaurant Group, Inc., Individually and d/b/a Houston's and Houston's Restaurant

(b) County of Residence of First Listed Plaintiff: **Dallas County, Texas**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: ____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
See attachment

Attorneys (If Known)
See attachment

*Stamp: RECEIVED JAN 30 2009, CLERK U.S. DISTRICT COURT, NORTHERN DISTRICT OF TEXAS*
*Case number: 3-09CV0198-P*

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☒ 360 Other Personal Injury

**TORTS — PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)
☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1332

Brief description of cause:
Personal injuries sustained while customer on Defendant's property.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ Amount > $75,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE ____
DOCKET NUMBER ____

DATE: 29 Jan. 09
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**
RECEIPT # ____  AMOUNT ____  APPLYING IFP ____  JUDGE ____  MAG. JUDGE ____

## CIVIL COVER SHEET
## ATTACHMENT

1.( c )    PLAINTIFFS ATTORNEY'S (FIRM NAME, ADDRESS AND TELEPHONE NUMBER)

**John J. Diggins**
**John J. Diggins, P.C.**
**7920 Belt Line Road, Suite 760**
**Dallas, Texas 75254**
**(972) 392-3942**
**(972) 934-1777 FAX**
**Email:** jdiggins@digginslaw.com

DEFENDANT'S ATTORNEYS

**Joseph A. Barbknecht**
**Chris R. Norris**
**THE BARBKNECHT FIRM, P.C.**
**500 N. Central Expressway, Suite 325**
**Plano, Texas 75074**
**(972) 312-1510**
**(972) 312-1511 FAX**
**Email:** jbarbknecht@narnknecht.com
**Email:** cnorris@barbknecht.com

**United States District Court**
**Northern District of Texas**

RECEIVED
JAN 3 0 2009
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**Supplemental Civil Cover Sheet For Cases Removed From State Court**

This form must be attached to the Civil Cover Sheet at the time the case is filed in the U.S. District Clerk's Office. Additional sheets may be used as necessary.

1. **State Court Information:**   3-09CV0198-P

Please identify the court from which the case is being removed and specify the number assigned to the case in that court.

| Court | Case Number |
|---|---|
| 193rd District Court<br>Dallas County, Texas | DC-08-15789-L |

2. **Style of the Case:**

Please include all Plaintiff(s), Defendant(s), Intervenor(s), Counterclaimant(s), Crossclaimant(s) and Third Party Claimant(s) still remaining in the case and indicate their party type. Also, please list the attorney(s) of record for each party named and include their bar number, firm name, correct mailing address, and phone number (including area code.)

| Party and Type | Attorney(s) |
|---|---|
| Plaintiff Laurel Brewster | John J. Diggins<br>SBN 05859600<br>John J. Diggins, P.C.<br>7920 Belt Line Road, Suite 760<br>Dallas, Texas 75254<br>(972) 392-3942<br>(972) 934-1777 FAX |
| Defendant Hillstone Restaurant Group, Inc., Individually and d/b/a Houston's and Houston's Restaurant | Joseph A. Barbknecht<br>SBN 01718400<br>Chris R. Norris<br>SBN 24032913<br>THE BARBKNECHT FIRM, PC<br>500 N. Central Expwy, Ste 325<br>Plano, Texas 75074<br>(972) 312-1510<br>(972) 312-1511 |

3.  **Jury Demand**

Jury Demand was made by Plaintiff Laurel Brewster as part of her Original Petition filed on or about December 17, 2008.

4.  **Answer:**

No Answer was made in State Court.

5.  **Unserved Parties:**

There are no parties who have not been served at the time this case was removed.

6.  **Nonsuited, Dismissed or Terminated Parties:**

There are no such parties, nor are there any changes from the style on the State Court papers.

7.  **Claims of the Parties:**

Plaintiff Laurel Brewster alleges that she entered upon the premises of Defendant located at 5318 Belt Line Rd., Addison, Texas for the purpose of dining with her friend, and that while on Defendant's premises she was seriously injured as a result of a dangerous condition then existing on Defendant's premises, namely standing ice not visible to patrons. Plaintiff alleges that Defendant knew, or should have known, of said dangerous condition, which proximately caused her fall and subsequent bodily injuries. Plaintiff has asserted a cause of action under premises liability, and is seeking damages for past and future medical expenses, past and future mental anguish, past and future physical pain and suffering, and past and future loss of earnings and/or loss of earning capacity.

Defendant Hillstone Restaurant Group, Inc. d/b/a Houston's Restaurant generally denies each and every, all and singularly, the allegations set forth in Plaintiff's Original Petition and any other pleading which may be filed, and demands strict proof thereof upon the trial of this case before a jury. Defendant further asserts, amongst other defenses, that Plaintiff is contributorily negligent, and through her own actions proximately caused the damages/injuries for which she seeks recovery from this Defendant. Additionally, Defendant asserts that the standing ice of which Plaintiff complains does not constitute a dangerous condition under Texas law as said ice was the result of natural accumulations and not the result of any act/omission on the part of Defendant.